**In re Anonymous No. 97 D.B. 88
and 20 D.B. 89**

Disciplinary Board Docket No. 97 D.B. 88 and 20 D.B. 89.

MUNDY, *Chairman*, June 15, 1989 — The purpose of this report is to summarize the disciplinary history of respondent, [   ], Esq., particularly docket nos. 97 D.B. 88 and 20 D.B. 89.

## HISTORY OF DISCIPLINE

Respondent has a history of discipline which denotes a pattern of client neglect.

In March 1982, respondent received an informal admonition for violation of Disciplinary Rules 1-102(A)(6), (engaging in conduct which adversely reflects on an attorney's fitness to practice law); 1-102(A)(4), (misrepresentation); 6-101(A)(3), (neglect of a legal matter); and 7-101(A)(1), (intentional failure to seek lawful objectives of a client). In December 1987, respondent received an informal admonition for violation of Disciplinary Rule 6-101(A)(3). Respondent was scheduled to appear before the Disciplinary Board on December 9, 1988 for the purpose of receiving a private reprimand for violation of Disciplinary Rules 6-101(A)(3) (neglect of a legal matter), and 7-101(A)(2), (failure to carry out a contract of employment entered into with his client for professional services). Respondent failed to appear. (Docket no. 97 D.B. 88) Respondent was scheduled to appear before the Disciplinary Board on May 18, 1989 for the purpose of receiving a private reprimand for violation of Disciplinary Rules:

1-102(A)(1) — violating a Disciplinary Rule. (Specifically rule 217(b), Pa.R.D.E., when he failed to

promptly notify his clients of his transfer to inactive status and consequent inability to act as an attorney after the effective date of his inactive status);

6-101(A)(3) — neglecting a legal matter;

7-101(A)(1) — failing to seek the lawful objectives of a client through reasonably available means permitted by law and the Disciplinary Rules;

7-101(A)(2) — failing to carry out a contract of employment entered into with a client for professional services; and violating the following Rules of Professional Conduct:

1.3 — failing to act with reasonable diligence and promptness in representing a client; and

1.4(a) — failing to keep a client informed about the status of a matter and failing to promptly comply with reasonable requests for information.

In December 1987, respondent informed Deputy Chief Disciplinary Counsel, [ ], that he was no longer practicing law. Respondent voluntarily transferred to inactive status as of July 1, 1987. Respondent apparently has no intention to actively practice again. However, respondent never informed either of his clients (discussed below) of his change in status or to retain substitute counsel. Respondent abandoned his clients without regard to their interests and without any attempt to formally withdraw.

### Charge I — No. 97 D.B. 88

#### Complaint

(1) This case involves respondent's neglect of a legal matter entrusted to his care and his intentional failure to carry out his contract of employment.

(2) In July 1982, respondent was retained to represent [A], (complainant) as executrix of her mother's estate in a civil suit against [B] for injuries

which caused the death of complainant's mother. Respondent took appropriate action on complainant's behalf until May 1985. Thereafter, respondent took little or no action to reach a satisfactory conclusion of the matter and failed to return any of complainant's numerous calls concerning the status of her case. Despite the fact that respondent informed opposing counsel that his client would accept a $25,000 settlement and in fact an offer was made on April 27, 1987 by [B's] insurance carrier, respondent made no attempt to obtain the releases from complainant to finally conclude the matter.

## *Proceedings*

(1) On October 7, 1987, [A], (complainant) filed a complaint with the office of Disciplinary Counsel against [respondent].

(2) On May 23, 1988, Assistant Disciplinary Counsel found respondent guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility: D.R. 6-101(A)(3) and D.R. 7-101(A)(2). (See History, *supra*.)

(3) In consideration of the prior discipline, the Assistant Disciplinary Counsel recommended that respondent receive a private reprimand.

(4) On May 26, 1988, pursuant to rule 206(b)(3), Pa.R.D.E., the Disciplinary Board designated a reviewing hearing committee member and on June 16, 1989, the committee member approved the recommendation by Disciplinary Counsel that respondent receive a private reprimand.

(5) On August 9, 1988, in accordance with rule 208(a)(5), Pa.R.D.E., the Disciplinary Board assigned the matter to a three-member review panel which concurred in the recommendation.

(6) On September 9, 1988, the Disciplinary Board ordered that [respondent] be subjected to a private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in rule 204(a)(5) and rule 205(c)(7) of the Pennsylvania Rules of Disciplinary Enforcement.

(7) On September 13, 1988, the secretary to the board notified respondent by certified and regular mail of the Disciplinary Board's order stated above.

(8) On November 22, 1988, the secretary of the board notified respondent by certified and regular mail that he was directed to appear before the Disciplinary Board on Friday, December 9, 1988 at 11:00 a.m. for the purpose of receiving a private reprimand.

(9) Respondent failed to appear before the Disciplinary Board on December 9, 1988. He did not contact the secretary to the board, or the District [   ] Office, to explain his absence.

(10) In a letter dated December 22, 1988, Assistant Disciplinary Counsel informed respondent that he was provided with an opportunity of 10 days to explain the reason for his failure to appear for the private reprimand. Respondent failed to reply.

(11) On February 8, 1989, the Disciplinary Board issued an order and rule to show cause upon consideration of respondent's neglect or refusal to appear for the purpose of private reprimand which was scheduled for December 9, 1988. A certified copy was sent to respondent who failed to reply.

(12) On March 28, 1989, the Disciplinary Board issued an identical order as stated above. An investigator, in the District [   ] Office, served respondent who failed to reply.

## Charge II — No. 20 D.B. 89

(1) This case involves respondent's following misconduct: neglect of a legal matter entrusted to his care; intentional failure to seek the lawful objectives of his client; intentional failure to carry out a contract of employment; failure to notify client of his voluntary transfer to inactive status; failure to act with reasonable diligence and promptness in representing a client; and failure to keep his client informed about the status of the matter and promptly comply with reasonable requests for information.

(2) In June 1986, respondent undertook to represent [C], (complainant) in her divorce action for which he was paid in full by October 1986. Other than the filing of a complaint in July 1986, respondent failed to take any action on complainant's behalf. Respondent failed to return the numerous calls placed by complainant from August 1986 through December 1987. Complainant renewed her effort to contact respondent by placing telephone calls in May and June 1988. After a continued lack of response, complainant retained new counsel in July 1988.

### Proceedings

(1) On July 19, 1988, [C] filed a complaint with the Office of Disciplinary Counsel against [respondent].

(2) On August 17, 1988, respondent was advised of the allegations stated in the complaint. Despite follow-up letter dated September 12, 1988, respondent failed to respond to the allegations.

(3) On December 5, 1988, Assistant Disciplinary Counsel found respondent guilty of transgressing the following Disciplinary Rules of the Code of Professional Responsibility and Rules of Profes-

sional Conduct: D.R. 1-102(A)(1), D.R. 6-101(A)(3), D.R. 7-101(A)(1), D.R. 7-101(A)(2), and rule 1.3 and rule 1.4. (See History of Discipline for explanations.)

(4) In consideration of the fact respondent has voluntarily transferred to inactive status and apparently has no intention to actively practice again, the Assistant Disciplinary Counsel recommended that respondent receive a private reprimand for the violations stated above with the following condition:

That respondent refund the fees and costs paid to him in advance by [C] which were not earned or paid (as costs) and submit proof of having done so to both the Secretary of the Board and to the District [ ] Office at least 10 days prior to the date of the private reprimand.

(5) On December 12, 1988, Chief Disciplinary Counsel approved the recommendation of the Assistant Disciplinary Counsel.

(6) On January 30, 1989, the Disciplinary Board designated a reviewing hearing committee member who approved the recommendation of Disciplinary Counsel that respondent receive a private reprimand and also approved of the required conditions.

(7) On February 23, 1989, in accordance with rule 208(a)(5), Pa.R.D.E., the Disciplinary Board assigned the matter to a three-member review panel. On March 9, 1989 the panel approved of the recommendation and conditions.

(8) On March 9, 1989, the Disciplinary Board ordered that [respondent] be subjected to a private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in rule 204(a)(5) and rule 205(c)(7) of the Pennsylvania Rules of Disciplinary Enforcement. The board also imposed the stated conditions.

(9) On March 15, 1989, the secretary to the board

notified respondent by certified and regular mail of the Disciplinary Board's order stated above.

(10) On April 15, 1989, the secretary to the board notified respondent by certified and regular mail that he was directed to appear before the Disciplinary Board on Thursday, May 18, 1989 at 10:45 a.m. for the purpose of receiving a private reprimand.

(11) On April 18, 1989, an investigator in the District [   ] Office served a notice to [respondent] to appear for private reprimand.

(12) Respondent failed to appear before the Disciplinary Board on May 18, 1989. He did not contact the secretary to the board nor the District [   ] Office to explain his absence.

## CONCLUSION

In summary, [respondent] has failed to respond to any letters, notices, and actions of the Disciplinary Board since December 1987. Respondent has neglected or refused to appear for the purpose of private reprimand on two separate occasions; December 9, 1989 and May 18, 1989. Respondent voluntarily transferred to inactive status as of July 1, 1987. Respondent apparently has abandoned his practice, his clients, and responsibility for his wrongdoings.

## ORDER AND RULE TO SHOW CAUSE

And now, June 15, 1989, upon consideration of respondent's neglect or refusal to appear for the purpose of receiving private reprimands which were scheduled for December 9, 1988 and May 18, 1989, and respondent's failure to respond to the rule and show cause why formal charges should not be instituted, it is hereby ordered that a rule is issued upon respondent to show cause why the attached

history of proceedings should not be referred to the Supreme Court with a request that respondent be disbarred. The rule is returnable within 20 days from service of notice of this order.

## ORDER

And now, February 23, 1990, upon consideration of the report and recommendations of the Disciplinary Board dated September 21, 1989, it is hereby ordered that [respondent] be and he is disbarred from the bar of this commonwealth, and he shall comply with all the provisions of rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to rule 208(g), Pa.R.D.E.